IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MINNIE LOU VANCLEVE,**

        **Petitioner,**

    v.                                   **CIVIL ACTION NO. 3:08cv91**
                                                **(Judge Bailey)**

**WARDEN, SFF HAZELTON,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 20, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner is an inmate at SFF Hazelton which is located in Bruceton Mills, West Virginia. The petitioner challenges both the validity of her conviction and sentence. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

Following a jury trial, the petitioner was convicted in the United States District Court for the Middle District of Florida of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251. On June 24, 1999, the petitioner was sentenced to the custody of the Bureau of Prisons ("BOP") to serve a term of 168 months imprisonment, three years supervised release and a $200 Special Assessment. Thereafter, the petitioner filed an appeal, and on November 13, 2000, the judgment was affirmed. On February 20, 2001, the petitioner filed a Motion to vacate under 25 U.S.C. § 2255, which was denied with prejudice on February 28, 2001. On May 14, 2007, the petitioner filed a second Motion

1

to vacate under 28 U.S.C. § 2255, which was denied as successive on June 11, 2007. On March 17, 2008, the petitioner filed a Motion to reduce sentence titled "18 U.S.C. 3582(c)(1)(A)(I) for extraordinary compelling reasons." That motion was denied on March 19, 2008.[1] The petitioner now attacks the validity of her conviction and sentence via this §2241 petition in which she asserts the following grounds for relief: (1) her conviction constitutes double jeopardy because she was previously sentenced for the same crime by the State of Florida; (2) the sentencing court improperly enhanced her sentence for non-compliance with recommended psychological therapy; and (3) she received a greater sentence than her co-defendant even though her role was minimal and minor. As relief, the petitioner seeks immediate release, two point enhancement reduction, and/or re-sentencing to the same amount of time as her co-defendant.

### III. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have her sentence modified or vacated, she is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of what is known as the Section

---

[1]Information regarding the petitioner's criminal conviction, subsequent appeal, and collateral attacks is available on PACER by accessing Case Number 5:98-cr-00019-WTH-2.

2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

3

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that she is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of 18 U.S.C. § 2251 remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and she has improperly filed a §2241 petition.

### IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED: June 26, 2008.

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE